## Dora BERRY *v.* Clarence C. BIERMAN

5-5210                                                451 S. W. 2d 867

### Opinion delivered April 6, 1970

*Kenneth Coffelt,* for appellant.

No brief filed for appellee.

Lyle Brown, Justice. In 1955 appellant Dora Berry deeded one acre of land, on which was situated a small house, to her brother, Clarence C. Bierman, appellee. The recited consideration was $2,100. There was a down payment of $500 and the balance was timely paid at the rate of $50 per month. A right to repurchase was contained in the deed, as follows:

> The grantor herein reserves the right and option to repurchase said property at any time *after* a period of four years from date hereof for the same price as above mentioned. (Italics supplied.)

Appellee Bierman forthwith moved his family into the house. In 1965 appellee added two small rooms to the house and dug a water well, claiming to have spent some $2,000 for those improvements. He was positive in his testimony that when he accepted the deed the word *after* was not in the right to re-

purchase clause. It was his contention that the word *within* there appeared instead of the word *after*. In that event the right to repurchase would of course have expired in four years. So, appellee says, he made the improvements at a time when he in good faith thought he owned the property outright.

Appellee testified that he discovered the alleged alteration in April 1969, at which time he sent his wife to talk with appellant about releasing the restriction. This suit was filed to reform the deed when appellant Dora Berry declined to release the reservation. Alternatively, appellee asked for reimbursement for his improvements in the event appellant Dora Berry was given the right to repurchase. Appellant answered, denying any change had been made in the deed and asserting that appellee was not entitled to reimbursement for improvements. She also asked for the right to exercise the option to repurchase.

The trial court denied reformation of the deed. It was decreed that Dora Berry's option to repurchase was valid but that in addition to the purchase price, appellant would have to reimburse appellee for the improvements made. From that part of the decree Dora Berry appeals.

We cannot agree with the chancellor that appellant, who held the right to repurchase, is chargeable with the improvements. In the first place, the chancellor in effect held that there was no alteration of the deed. There was no appeal from the trial court's denial of reformation. We therefore have no alternative but to accept the proposition that the word "after" was in the redemption clause at the time the deed was executed and delivered. Secondly, Bierman came into possession of the deed in 1957 (after he paid the full purchase price) and thereafter continuously possessed it. He surely was thenceforth chargeable with constructive notice of the contents of the instrument. From the time the deed was delivered to appellee until he made the improvements (some eight years later) he

admittedly did not read his deed. In fact an additional four years transpired before he read it and then because his wife called it to his attention. His wife had known of the wording of the deed previous to the latter date but the record does not disclose when she first discovered it. There is no evidence that appellant said or did anything to lull appellee into believing that her option to purchase had expired.

We have explored the suggestion that appellee might recover the value of the improvements he made under our betterment statute, Ark. Stat. Ann. § 34-1423 (Repl. 1962). That statute allows recovery for improvements made on the lands of another when those improvements are made *under color of title*. The act is designed essentially to reimburse one who in good faith makes improvements on the strength of a written instrument which on its face professes to pass title but which does not do it. The deed in question does not fall in the category of a "color of title" instrument as that phrase is used in the betterment statute. See Thompson, The Law of Real Property, § 2650 (1940). On its face the deed from Berry to Bierman contains a right of redemption or repurchase which limits the fee simple conveyance.

We reverse and remand with directions that appellee be relieved of any liability for the improvements.

BYRD, J., dissents.