DORA BERRY v. CLARENCE BIERMAN ET AL

5-5552                                      465 S. W. 2d 688

Opinion delivered April 19, 1971

*Kenneth Coffelt,* for appellant.

*Hall, Tucker & Lovell,* for appellees.

GEORGE ROSE SMITH, Justice. This case is a sequel to an earlier one in which we held that the appellee Bierman was the owner of a certain house and lot, subject to the appellant's option to repurchase the property from Bierman for $2,100. *Berry* v. *Bierman,* 248 Ark. 440, 451 S. W. 2d 867 (1970). That opinion was delivered on April 6, 1970, and became final 17 days later. Ark. Stat. Ann. § 27-2142 (Repl. 1962); Supreme Court Rule 20 (a). Our mandate to the trial court was duly issued on April 24, 1970.

On July 14, 1970, which was 82 days after our decision became final, the dwelling house in question was destroyed by fire. On March 3, 1970, Bierman had obtained and paid for a $7,000 fire insurance policy upon the house. After the fire the appellant, who had not previously exercised her option to repurchase, claimed the proceeds of the fire insurance policy, which the in-

surer paid into court. This appeal is from a decree award-
ing the money to Bierman.

In seeking a reversal counsel for the appellant mis-
construes our decision in the earlier case, by saying that
we held "that Mrs. Berry was the fee simple title holder
to the property and that Bierman had no title, or color
of title, to the property, whatsoever." That was not the
effect of our decision, as a review of the facts will
demonstrate.

In 1955 Mrs. Berry conveyed the property to Bier-
man (her brother) for $2,100, reserving in the deed an
option to repurchase the property for the same price at
any time after four years from the date of the deed. In
1969 Bierman filed the complaint in the first case, asking
that the deed be reformed by a cancellation of the op-
tion to repurchase. Mrs. Berry filed a counterclaim in
which she sought to enforce the option to repurchase.
Bierman then amended his complaint by seeking to re-
cover the value of his improvements if Mrs. Berry were
allowed to repurchase the property. The effective part of
the decree in that case consisted of these three para-
graphs:

1. That plaintiff's prayer for reformation of the
deed introduced into evidence at the trial is denied.

2. That plaintiff, Clarence C. Bierman, has made
improvements upon the land . . . in the sum of
$1,500.00 and that Dora Berry must pay Clarence
C. Bierman the sum of $3,600.00 to exercise her op-
tion in the repurchase of the property . . .

It is, therefore, by the Court, considered, ordered
and adjudged that plaintiff's prayer for reformation
of the deed . . . is hereby denied, and that Dora
Berry must pay Clarence C. Bierman the sum of
$3,600.00 in order to repurchase the property de-
scribed in the complaint of the plaintiff and exer-
cise her option.

Bierman did not appeal from the chancellor's denial
of his prayer for reformation. Upon Mrs. Berry's appeal

we held that the chancellor was in error in allowing Bierman $1,500.00 for his improvements. After referring to the betterment statute, Ark. Stat. Ann. § 34-1423 (Repl. 1962), we concluded our opinion in these words:

> The deed in question does not fall in the category of a "color of title" instrument as that phrase is used in the betterment statute. See Thompson, The Law of Real Property, § 2650 (1940). On its face the deed from Berry to Bierman contains a right of redemption or repurchase which limits the fee simple conveyance.

> We reverse and remand with directions that appellee be relieved of any liability for the improvements.

In the section of Thompson's treatise which we cited, the author makes it clear that color of title is actually no title at all: " 'Color of title' is anything in writing which, upon its face, professes to pass title, but which does not do it . . . It implies that a valid title has not passed to the claimant. . . . Color of title is not, in law, title at all. It is a void paper, having the semblance of a muniment of title, to which, for certain purposes, the law attributes certain qualities of title." Thompson, *supra*.

Hence when we said that the Berry-Bierman deed was not color of title, our reasoning was that the deed conveyed *actual* title (subject to the option to repurchase) rather than a mere *semblance* of title. In that view Bierman was the owner of an insurable interest in the dwelling house when he obtained the fire insurance policy upon that structure. Mrs. Berry had not exercised her option to purchase when the house burned. To the contrary, the trial court's decree in the first case, which we merely modified, declared that "Dora Berry must pay Clarence C. Bierman the sum of $3,600.00 in order to repurchase the property described in the complaint of the plaintiff and exercise her option." The decree, significantly, did not direct Mrs. Berry to exercise her option; it merely recognized her right to do so if she chose. If the house had been uninsured when it burned,

Bierman could not have compelled Mrs. Berry to pay $2,100 for the vacant lot.

Mrs. Berry had not exercised her option to repurchase when the house was destroyed by fire more than 80 days after our decision became final. Consequently Bierman was still the owner of the property and is entitled to the proceeds of the insurance policy which he bought and paid for. We need not discuss the appellant's offer to prove at the trial that Bierman had orally agreed back in 1955 to keep the property insured. Not only would such an agreement violate the parol evidence rule, as the trial court held, but also the point is not argued in the appellant's brief.

Affirmed.